**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSEPH PATRICK BROWN,

    Petitioner - Appellant,

v.

KEN KLINGLER,

    Respondent - Appellee.

No. 01-5194
(D. C. No. 98-CV-349-K)
(N. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **EBEL**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner was convicted for the murder of James Richard Morris and sentenced to life imprisonment. Petitioner was represented by an Assistant Public Defender, and relied upon an alibi defense at trial. In the Oklahoma Criminal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Court of Appeals, petitioner claimed that the trial court's questioning of witnesses invaded the province of the jury, that explicit photographs of the decedent prejudiced the jury, and that the jury was provided a defective alibi instruction. The OCCA affirmed his sentence.

Petitioner then filed *pro se* this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this petition, petitioner repeated his claims raised on direct appeal, but also added claims that the state had withheld exculpatory evidence, that he had been denied effective assistance of counsel, and that he was innocent of the charges. The district court denied the three new claims as procedurally barred and denied the remaining claims on the merits. Petitioner now seeks a certificate of appealability in this court.

At the outset, we note that pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). To be entitled to a COA, Mr. Brown must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We may grant habeas relief only if the state court entered a judgment that

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After reviewing the record and all of the filings in this case, this court is convinced that no reasonable jurist would debate whether the petition should have been resolved in a different manner. We decline to grant a COA for substantially the reasons given in the order of the district court. The motion to proceed *in forma pauperis* is granted. The application for a certificate of appealability is DENIED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge